Wells Fargo Bank, N.A. v Atedgi (2018 NY Slip Op 05219)





Wells Fargo Bank, N.A. v Atedgi


2018 NY Slip Op 05219


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-02100
 (Index No. 28337/09)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Moshe Atedgi, appellant, et al., defendants.


Joseph A. Altman, P.C., Bronx, NY, for appellant.
Frenkel Lambert Weiss Weisman Gordon, LLP, Bayshore, NY (Barry M. Weiss of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Moshe Atedgi appeals from an order of the Supreme Court, Queens County (Duane A. Hart, J.), dated December 16, 2015. The order denied that defendant's motion pursuant to CPLR 5015(a)(1) to vacate (a) a prior order of the same court dated February 25, 2015, granting the plaintiff's motion for leave to enter a default judgment and for an order of reference and denying that defendant's cross motion, in effect, to vacate his default in answering or appearing and to dismiss the complaint insofar as asserted against him or, in the alternative, to compel the plaintiff to accept a late answer, and (b) an order of reference of the same court dated February 25, 2015, and upon vacatur, to deny the plaintiff's motion and grant his cross motion.
ORDERED that the order dated December 16, 2015, is affirmed, with costs.
The Supreme Court denied the motion of the defendant Moshe Atedgi (hereinafter the defendant) pursuant to CPLR 5015(a)(1) to vacate two prior orders of the court, both dated February 25, 2015, finding that the defendant failed to proffer a reasonable excuse for his default or a potentially meritorious defense. We affirm, albeit on a different ground.
Contrary to the defendant's contention, the orders dated February 25, 2015, were not entered upon the defendant's default, but were decided based upon the defendant's opposition and cross motion and, thus, constituted determinations on the merits. Accordingly, CPLR 5015(a)(1) was not an appropriate vehicle to seek relief from the prior orders.
The defendant's remaining contentions are academic in light of our determination.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court